CITY OF NOVI v MOBILE HOME PARKS OF AMERICA, INC

1. ZONING—ORDINANCES—JUDGMENT—RES JUDICATA.

A judgment holding a former zoning ordinance unconstitutional and void as applied to a certain parcel of property was res judicata in a later action, involving the same parcel but an amended zoning ordinance, of all issues arising from permitted uses that were the same under both ordinances.

2. ZONING—ORDINANCES—JUDGMENT—COLLATERAL ESTOPPEL.

The doctrine of collateral estoppel precludes litigating again those issues arising from permitted uses under a previously litigated zoning ordinance which are the same permitted uses under a new zoning ordinance affecting the same parcel of property.

Appeal from Oakland, Frederick J. Ziem, J. Submitted Division 2 January 5, 1973, at Lansing. (Docket No. 13309.) Decided February 22, 1973.

Complaint by the City of Novi against Mobile Home Parks of America, Inc., and others to enjoin construction of a trailer park. Accelerated judgment for defendants was set aside by an order of the trial court granting a rehearing. Defendants appeal by leave granted. Reversed in part and affirmed in part and remanded for further proceedings.

*Lampert & Fried* (by *David M. Fried* and *Howard I. Bond),* for plaintiff.

*Brennan & Bibeau,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning §§ 183, 227.
[1, 2] 46 Am Jur 2d, Judgments § 397.

Before: QUINN, P. J., and R. B. BURNS and C. J. BYRNS,* JJ.

QUINN, P. J. On leave granted, defendants appeal from an order of the trial court which granted a rehearing on defendants' prior motion for accelerated judgment, set aside the order granting that motion and awarding defendants an accelerated judgment, and denied a second motion for accelerated judgment.

In 1969, Lynn and Dorothy M. Matthews owned a 120-acre farm on the western edge of plaintiff municipality. They had farmed the land for several years, but rising real estate taxes made the farming operation a losing proposition. The Matthews desired to sell the land for use as a trailer park, but the land was zoned AG, agricultural district. This classification restricted permissible uses to farming, single family residences, dog kennels, etc.

The Matthews petitioned for rezoning to R-3 in which classification trailer parks were permitted. The petition was considered by the planning commission and council of Novi. The council denied the petition. September 23, 1969, the Matthews filed an action against the City of Novi seeking a declaration that the zoning ordinance was unconstitutional as applied to their property and requesting that the city be enjoined from interfering with the use of the property for trailer park purposes.

The foregoing action was tried between June 15 and June 26, 1970, adjourned to October 26, 1970 and concluded that date. Judgment entered February 17, 1971 holding the zoning ordinance unconstitutional and void as applied to the Matthews

* Circuit judge, sitting on the Court of Appeals by assignment.

property. The requested injunctive relief was not granted. No appeal was taken from this judgment.

November 9, 1970, the city adopted and gave immediate effect to an ordinance which reclassified the Matthews property from AG to R1H, country home district. The latter classification restricted use of the property to one family dwellings, schools, hospitals, parks, municipal buildings, and agricultural purposes and buildings. This ordinance was never called to the attention of the trial judge in the Matthews litigation nor was any attempt made to introduce it in the Matthews action.

After the judgment of February 17, 1971, the Matthews sold the land to defendants. In reliance on the judgment, defendants commenced development of the property as a trailer court. Defendants petitioned the plaintiff to rezone the property to R-3. After a hearing April 15, 1971, the council denied the petition but amended the zoning ordinance in a manner which reaffirmed the R1H classification of the land in question.

August 20, 1971, plaintiff filed the present action seeking to enjoin defendants from proceeding with construction of the trailer court and from using the land for such a purpose because such construction and use violated the zoning ordinance. August 24, 1971, defendants moved for accelerated judgment, GCR 1963, 116.1(5), on the basis of the Matthews judgment of February 17, 1971. This motion was heard October 6, 1971 and it was granted. Accelerated judgment for defendants was entered October 7, 1971.

October 12, 1971, plaintiff moved for rehearing on the basis that the present case presented issues not before the court in the Matthews litigation because of the ordinance of November 9, 1970

which reclassified the land in question to R1H. The trial court agreed that the constitutionality of the R1H classification was not before the court in the Matthews litigation and on December 20, 1971, the order appealed from entered.

In granting defendants' first motion for accelerated judgment, the trial court agreed with defendants' reasoning that the action at bar was barred by Matthews on the basis of res judicata and the order entered on that motion so provided. On this appeal, defendants contend that the action is barred by Matthews on theories of res judicata and collateral estoppel.

In opposing the applicability of both theories to this action, plaintiff argues that the ordinance establishing R1H classification for the property was not before the court in Matthews. Plaintiff further contends that because the AG classification permitted one family dwellings on unplatted farm land and R1H classification permits one family dwellings on lots platted to at least one-half acre per lot, different facts would be required to sustain the constitutionality of the R1H ordinance than were used in determining the constitutionality of the AG ordinance.

We find no persuasion in this argument in view of the finding of the trial court in Matthews, "The testimony shows that there is no demand for residential use of the subject property at this time without sewers and water. There are no public utilities which will be made available within the foreseeable future." To us, this says that the land in question is not suitable for residential use now, or in the foreseeable future, whether platted or unplatted.

We note that some of the permitted uses of defendants' land under the R1H classification are

the same uses that were permitted under the AG classification. As to permitted uses that are the same under the AG classification and the R1H classification, the October 7, 1971 order of the trial court was correct, and its December 20, 1971, order was incorrect. The unappealed judgment of February 17, 1971 in the Matthews v City of Novi litigation was res judicata of all issues in the present action arising from permitted uses that were the same under both classifications.

The doctrine of collateral estoppel also precludes litigating again those issues arising from permitted uses that are the same under both classifications, *Howell v Vito's Trucking & Excavating Co*, 386 Mich 37 (1971).

There are permitted uses under the R1H classification which were not permitted uses under the AG classification. What effect, if any, this may have on the constitutionality of the ordinance establishing the R1H classification for the land in question we are unable to determine on the present record.

The order appealed from is reversed as to all issues disposed of by Matthews v City of Novi. In all other respects, the order appealed from is affirmed. Remanded for further proceedings but without costs, neither party having prevailed in full.

All concurred.